[Cite as *Chase Home Fin., L.L.C. v. Ford*, 2012-Ohio-436.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


CHASE HOME FINANCE, LLC

        Plaintiff-Appellee

-vs-

GILBERT FORD, ET AL

        Defendant-Appellant

JUDGES:
   Hon. W. Scott Gwin, P.J.
   Hon. William B. Hoffman, J.
   Hon. John W. Wise, J.


Case No. 2011-CAE-10 0096

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil appeal from the Delaware County Court of Common Pleas, Case No. 09CVE111550 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | February 3, 2012 |


APPEARANCES:

| | |
|---|---|
| For: JP Morgan Chase Bank, N.A. As successor by merger to Chase Home Finance LLC ANNE MARIE SFERRA NELSON M. REID Bricker & Eckler, LLP 100 South Third Street Columbus, OH 43215-4291 | For: Defendant-Appellant Gilbert Ford JOHN SHERROD Jump Legal Group, LLC 2130 Arlington Avenue Columbus, OH 43221 |

*Gwin, P.J.*

{¶ 1} Defendant Gilbert P. Ford appeals a judgment of the Court of Common Pleas of Delaware County, Ohio, which overruled his motion to extend the time in which he could exercise his statutory right of redemption after a sheriff's sale of his property. Plaintiff-appellee is J.P. Morgan Chase Bank, successor in interest by merger to plaintiff Chase Home Finance LLC.

{¶ 2} For the reasons that follow, we find we do not have jurisdiction over this foreclosure action.

{¶ 3} Appellant has appealed only the trial court's ruling on his motion for extension of time but not the order confirming the sale.

{¶ 4} Ohio law provides that appellate courts have jurisdiction to review only final orders or judgments. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505 .02. If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed.

{¶ 5}  Revised Code 2505.02 states, in relevant part:

(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:

{¶ 6}  (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;

{¶ 7}  (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;

{¶ 8}  (3) An order that vacates or sets aside a judgment or grants a new trial;

{¶ 9}  (4) An order that grants or denies a provisional remedy and to which both of the following apply:

**{¶ 10}** (a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.

**{¶ 11}** (b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action.***"

**{¶ 12}** We find the order appealed from is not a final appealable order and we lack jurisdiction to review it.

**{¶ 13}** The appeal is dismissed.


By Gwin, P.J.,

Hoffman, J., and

Wise, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. WILLIAM B. HOFFMAN

_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

CHASE HOME FINANCE, LLC          :
                                 :
                 Plaintiff-Appellee   :
                                 :
                                 :
                                 :
-vs-                             :          JUDGMENT ENTRY
                                 :
GILBERT FORD, ET AL              :
                                 :
                                 :
                 Defendant-Appellant   :          CASE NO. 2011-CAE 10 0096


For the reasons stated in our accompanying Memorandum-Opinion, the appeal is dismissed for lack of jurisdiction.   Costs to appellant.


_____
HON. W. SCOTT GWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. JOHN W. WISE